1
2
3
4               UNITED STATES  DISTRICT COURT

5                 Northern District of California

6

7    ELIZABETH KARNAZES,

8                    Plaintiff(s),            No. C 09-00767 MMC (MEJ)
            v.
9                                             **ORDER DISCHARGING THIRD
     COUNTY OF SAN MATEO,                     ORDER TO SHOW CAUSE**
10
                     Defendant(s).            **ORDER RE MEET AND CONFER**
11   _____/

12

13        On February 5, 2010, the Court ordered Plaintiff Elizabeth Karnazes to contact Defendant's

14   counsel, David Silberman, within five days and provide her availability for a meet and confer

15   session regarding certain outstanding discovery disputes.  (Dkt. #42.)  However, on February 12,

16   2010, Mr. Silberman filed a letter, (Dkt. #43), regarding Plaintiff's failure to comply with the

17   February 5 Order, as well as her continued failure to comply with discovery obligations in general.

18   Noting that Plaintiff's failure to diligently prosecute her case has been consistent and potentially

19   cause for dismissal pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b), the Court

20   issued a third order to show cause against Plaintiff.

21        The Court is now in receipt of Plaintiff's declaration in response to the order to show cause,

22   as well as Mr. Silberman's Declaration in Reponse.  (Dkt. ##45, 46.)  In her declaration, Plaintiff

23   accepts no responsibility for her failure to comply with her discovery obligations in this case.

24   Instead, she alleges that she has repeatedly tried to contact Mr. Silberman, but he won't return her

25   calls; that she is unable to receive, read and download documents from the Court and Mr. Silberman;

26   that she had been out of the country and any available internet connection was slow; that she can

27   only use the "hunt and peck" method of typing; that she is not a skilled computer user and not adept

28   at using the internet; and that she has not practiced in federal court in decades.  (Dkt. #45.)  The

Court finds that none of these excuses explain why Plaintiff has been unable to meet and confer in person with Mr. Silberman, despite months of trying on his part. While not excusing Plaintiff's behavior, the Court prefers that this case proceed on the merits and, accordingly, hereby ORDERS as follows:

1) The third order to show cause is DISCHARGED.

2) If Plaintiff wishes to be excused from e-filing requirements in this case, she must make her request before the presiding judge in this matter, the Honorable Maxine M. Chesney.

3) By March 4, 2010 at 1:00 p.m., Plaintiff or her designee shall hand deliver to Defendant's counsel at his address of record a written notice providing ten (10) time periods within the following three (3) weeks (March 8, 2010 through March 29, 2010) that she is available to meet and confer in person. The 10 time periods shall provide for at least three (3) consecutive hours each for the meet and confer session.

4) Plaintiff shall e-file the notice, as well as a proof of service, by March 4, 2010. Alternatively, Plaintiff may manually file the notice and proof of service at the Clerk's Office by 1:00 p.m. on March 4, 2010.

5) Upon receipt of Plaintiff's notice, Mr. Silberman shall choose one of the 10 available time periods, and then inform Plaintiff of his choice by March 5, 2010 at 1 p.m. Mr. Silberman shall also determine a reasonable place for the meet and confer session to occur.

6) Mr. Silberman shall e-file a statement informing Plaintiff of his choice and he shall also notify her by telephone at her phone number of record, either directly or by voicemail message. Regardless of whether Plaintiff may later claim she received no message from Mr. Silberman, she is on notice based on the e-filed statement.

6) No further confirmation is required. The parties shall thereafter meet and confer at the agreed-upon time and make a good faith effort to resolve all outstanding discovery disputes. Any unresolved disputes shall be submitted to the Court in

1    compliance with the undersigned's discovery standing order.

2    7)    In the event that it becomes necessary to file joint letters for any remaining disputes,

3          the requesting party shall provide its portion to the objecting party first.  The

4          objecting party shall then have seven (7) days to provide her/its portion of any joint

5          letter(s), and the requesting party shall then e-file the joint letter(s).

6    If Plaintiff fails to comply with any part of this Order, sanctions **SHALL** imposed.

7    **IT IS SO ORDERED.**

8

9    Dated: March 1, 2010

10   _____
     Maria-Elena James
     Chief United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3