# UNITED STATES DISTRICT COURT

## Northern District of California

ELIZABETH KARNAZES,

               Plaintiff,

  v.

COUNTY OF SAN MATEO and DEBORAH TITONE,

               Defendants.
_____/

No. C 09-0767 MMC (MEJ)

**ORDER RE: NOTICED DEPOSITIONS**

## I. INTRODUCTION

Before the Court are the parties' filings regarding two depositions noticed by Plaintiff Elizabeth Karnazes ("Plaintiff") and Defendants County of San Mateo and Deborah Titone's ("Defendants") requests for a protective order stating that they need not appear for either deposition. (Dkt. ##73-76.) Upon review of the parties' filings, the Court hereby GRANTS Defendants' request for a protective order, as detailed below.

## II. BACKGROUND

On April 20, 2010, Plaintiff sent an email to Defendants' counsel, David Silberman, requesting that he provide Defendants' availability for depositions. (Dkt. #73 at 2.) Mr. Silberman responded on April 22, providing six dates on which the depositions could take place. *Id.* One week later, on April 29, Plaintiff emailed Mr. Silberman to say that she needed to discuss deposition scheduling and continuing the discovery cut-off date. Mr. Silberman replied that he already

provided her with the available dates, but he may be able to move things around. *Id.* Mr. Silberman requested that Plaintiff provide dates she may want. *Id.*

On May 10, 2010, without responding to Mr. Silberman's request, Plaintiff hand-delivered two deposition notices - one for the County of San Mateo and one for Deborah Titone. (Dkt. #73, Ex. A, B.) Plaintiff noticed the depositions for two dates that Mr. Silberman had not included as available dates for the depositions. On May 11, pursuant to the undersigned's March 1, 2010 Order regarding discovery dispute procedures in this case, (Dkt. #47), Mr. Silberman served an objection to the depositions and circulated a draft discovery letter with Defendants' portion of the dispute. (Dkt. #73 at 2.) Pursuant to the March 1 Order, Plaintiff had seven days to provide her portion of the joint letter. (Dkt. #47 at 3:2-5.) On May 18, having not received any response from Plaintiff, Defendants filed the present request for a protective order.

### III. DISCUSSION

In their request, Defendants seek a protective order for several reasons. First, Defendants argue that Plaintiff failed to comply with Civil Local Rule 30-1, which requires that the noticing party confer with opposing counsel about the scheduling of a deposition prior to serving any notice. (Dkt. #73 at 2, 3.) Second, Defendants contend that Plaintiff has violated Federal Rule of Civil Procedure ("Rule") 30(b)(2) "by attaching an extremely overbroad and objectionable series of document requests that does not comply with the timing requirement of Rule 34." *Id.* at 3. Finally, as to the deposition of Deborah Titone, Defendants object that the notice includes topics under Rule 30(b)(6), which does not apply to individuals.

In a response filed May 18, 2010, Plaintiff maintains that she has made "multiple good faith efforts to meet and confer with opposing counsel," and that she will prepare a response to Defendants' letter. (Dkt. #74 at 1.)

Upon review of the parties' arguments, the Court finds Defendants' position persuasive. First, Plaintiff's notices and document requests are the definition of overbroad. For example, the first topic requires knowledge regarding "all information and records about all operations of the" Sheriff's Office and its employees. (Dkt. #73 Ex. A, ¶1) In the twelfth topic, Plaintiff requests the

1  following: "from twenty years before the INCIDENT through the present, all information and
2  records about SAN MATEO COUNTY sheriff's department and offices about every PERSON who
3  in any way worked in or for SAN MATEO COUNTY sheriff's department and offices whether the
4  PERSON worked as an employee, independent contractor, volunteer, elected official, appointed
5  official, or other worker, employment applications and hiring policies, screening procedures and
6  policies" *Id*. at ¶12.  And the last topic, which requires knowledge regarding "all information and
7  records about Defendants['] San Mateo County's and Deborah Titone's attorneys." *Id*. at ¶12.
8  Ignoring the oppressiveness of the time frame, it is unclear how any of this historical information is
9  relevant to the allegations in Plaintiff's complaint, which relate to an alleged assault that occurred at
10 a specific moment in time on February 22, 2008.  Plaintiff's document requests are no better, with
11 such overbroad requests as "any documents . . . including but not limited to all letters and
12 correspondence pertaining to any and all legal cases YOU OR ANYONE ACTING ON YOUR
13 BEHALF have been involved in within the past twenty years." *Id.* at 9:13-20.

14        Second, the timing of Plaintiff's request is unduly prejudicial.  Although she filed this case
15 nearly fifteen months ago, Plaintiff did not notice a single deposition until eleven days prior to the
16 discovery cut-off.  The Court notes that this failure to conduct discovery in a reasonable manner is
17 part of an ongoing pattern in which Plaintiff has failed to comply with her discovery obligations in
18 this case.  *See, e.g.,* Dkt. #39 (Order to Show Cause for failure to appear at a court-ordered meet and
19 confer session); Dkt. #44 (Order to Show Cause based on Plaintiff's repeated failure to comply with
20 her discovery obligations); Dkt. #58 (striking Plaintiff's letter for failure to comply with the standing
21 discovery order); Dkt. #63 (same); Dkt. #68 (recognizing Plaintiff's failure to comply with even the
22 most basic discovery requirements and ordering her to respond to Defendants' requests).

23        Third, Plaintiff has failed to comply with Civil Local Rule 30-1, which requires Plaintiff to
24 confer with opposing counsel prior to noticing any depositions.  Although Defendants attempted to
25 provide available dates and work with Plaintiff to schedule the depositions, Plaintiff chose to ignore
26 Defendants' availability and scheduled the depositions for times that Defendants were not available.
27 Moreover, despite the fact that Defendants attempted to meet and confer and prepare a joint letter
28

3

regarding this dispute, Plaintiff continues to disregard this Court's orders that require this meet-and-confer process.

Plaintiff's behavior is inexcusable. Despite three orders to show cause and multiple orders specifying how to conduct discovery in this case, Plaintiff, a practicing member of the State Bar of California, continues to show a lack of respect for opposing counsel's and the Court's time. Accordingly, the Court hereby GRANTS Defendants' request for a protective order. Defendants need not appear for the noticed depositions, and they need not respond to Plaintiff's overbroad and burdensome document requests. Further, the Court finds no good cause to allow Plaintiff to serve amended deposition notices - she has failed to conduct discovery in good faith throughout this case, waited until eleven days before the close of discovery to notice these overbroad depositions, failed to meet and confer in good faith with Mr. Silberman in an attempt to schedule the depositions, and has repeatedly disregarded the Court's orders. Thus, if Plaintiff wishes to extend the discovery deadline so that these depositions may take place, she must bring any such request to the presiding judge, the Honorable Maxine M. Chesney.

## IV.  CONCLUSION

Based on the analysis above, the Court hereby GRANTS Defendants' request for a protective order and relieves Defendants of any responsibility to appear at the noticed depositions. Further, Defendants need not respond to any related document requests. If Plaintiff wishes to take Defendants' depositions, she must establish good cause to extend the discovery deadline before the presiding judge, the Honorable Maxine M. Chesney.

**IT IS SO ORDERED.**

Dated: May 19, 2010

_____

Maria-Elena James
Chief United States Magistrate Judge

4