UNITED STATES  DISTRICT COURT

Northern District of California

ELIZABETH KARNAZES,

        Plaintiff,

  v.

COUNTY OF SAN MATEO and DEBORAH TITONE,

        Defendants.
_____/

No. C 09-0767 MMC (MEJ)

**ORDER FOLLOWING JULY 1, 2010 HEARING**

## I.  INTRODUCTION

Before the Court are Defendants County of San Mateo and Deborah Titone's (collectively "Defendants") motion for sanctions (Dkt. #79) and Defendants' application for an Order to Show Cause ("OSC") (Dkt. #72).  The Court held a hearing on the matters on July 1, 2010.  During the hearing, the parties also addressed the status of Plaintiff's discovery obligations under an order issued by the undersigned on May 11, 2010.  (Dkt. #68.)  After consideration of the parties' papers and oral arguments, relevant legal authority, and good cause appearing, the Court ORDERS as follows.

## II.  DISCUSSION

In their motion for sanctions, Defendants state that they have unsuccessfully been attempting to obtain documents from Plaintiff's treating doctor, Dr. Mark Heitner, for ten months.  (Defs.' Mot. for Sanctions 2:16-20, Dkt. #79.)  In their application for an OSC, Defendants state that Dr. Heitner failed to appear for his deposition and, despite their offers to reschedule, Plaintiff has not provided Defendants with a stipulated order to reschedule his deposition after the fact discovery cutoff.  (Silberman Decl. ¶ 2, Ex. 1, Dkt. #90-1.)  Defendants seek an order precluding Plaintiff from calling Dr. Heitner as a witness at trial, and further ask that the Court recommend to the Honorable Maxine

1  M. Chesney, the presiding judge in the matter, that she inform the jury of Plaintiff's discovery
2  violation as it relates to Dr. Heitner and instruct the jury that it may draw adverse inferences from
3  Plaintiff's failure as it relates to Dr. Heitner's treatment of her.  (Defs.' Mot. for Sanctions 7:3-6,
4  Dkt. #79.)  Additionally, Defendants seek reimbursement of the fees they incurred in bringing the
5  sanctions motion.  *Id.* at 7:6-7.  Alternatively, Defendants seek an order to show cause as to why Dr.
6  Heitner should not be held in contempt for his failure to appear at his deposition and his failure to
7  produce documents pursuant to a subpoena.  (Defs.' OSC 5:15-17, Dkt. #72.)

Plaintiff Elizabeth Karnazes' ("Plaintiff") failure to comply with her discovery obligations have been the subject of several orders of this Court.  In a recent order, the undersigned stated that "Plaintiff's behavior is inexcusable.  Despite three orders to show cause and multiple orders specifying how to conduct discovery in this case, Plaintiff, a practicing member of the State Bar of California, continues to show a lack of respect for opposing counsel's and the Court's time."  (*Order Re: Noticed Depositions* 4:3-5, Dkt. #77.)  Plaintiff has yet to comply with her obligations, resulting in the present motions.

## A.   Defendants' Motion for Sanctions and Application for an OSC

Defendants previously sought, and still seek, mental health and medical records from Plaintiff's treating doctor, Dr. Heitner, which have not been forthcoming, despite a Court order and a subpoena to Dr. Heitner.  (*Further Order Re: Discovery Disputes* 8:25-9:3, Dkt. #68; Defs.' Mot. for Sanctions 4:19-5:19, Dkt. #79.)  On May 11, 2010, the Court ordered Plaintiff to sign a written release form for her medical records, which was to be provided to her by Defendants, and either to return it to Defendants or send it directly to Dr. Heitner within five days of receiving it.  *Id.* at 10:21-11:1.  In their motion for sanctions, Defendants state that they emailed Plaintiff a copy of a draft release on May 11, the day the order was issued, and emailed her again on May 20 to inform her that if she did not provide the release by May 24, they would file the instant motion.  (Defs.' Mot. for Sanctions 5:4-23, Dkt. #79.)  Defendants claim that Plaintiff has failed to respond in any manner.  *Id.* at 5:23.

In light of Plaintiff's failure to comply, Defendants ask the Court to preclude Plaintiff from

2

calling Dr. Heitner as a witness at trial, and further ask that the Court recommend to the Honorable Maxine M. Chesney, the presiding judge in the matter, that she inform the jury of Plaintiff's discovery violation as it relates to Dr. Heitner and instruct the jury that it may draw adverse inferences from Plaintiff's failure as it relates to Dr. Heitner's treatment of her. *Id.* at 7:3-6. Additionally, Defendants seek reimbursement of the fees they incurred in bringing the sanctions motion. *Id.* at 7:6-7.

Alternatively, Defendants seek an order to show cause why Dr. Heitner should not be held in contempt for his failure to appear at his deposition and his failure to produce documents pursuant to a subpoena. (Defs.' OSC 5:15-17, Dkt. #72.)

1. <u>Legal Standard</u>

Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A) provides that a court may sanction a party for failure to comply with a court order. The sanctions contemplated in Rule 37 are not comprehensive, but allow a court to prohibit the disobedient party from supporting certain claims or introducing certain matters into evidence, to strike pleadings in whole or in part, or to dismiss the action entirely. Fed. R. Civ. P. 37(b)(2)(A). Furthermore, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." Fed. R. Civ. P. 37(b)(2)(C).

An adverse inference instruction may be appropriate where a party's bad faith or gross negligence has resulted in either the spoliation of evidence or failure to turn over relevant evidence. *Reilly v. Natwest Markets Group, Inc.* 181 F.3d 253, 268 (2nd Cir. 1999). Further, courts have the inherent power to impose all types of sanctions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-43 (1991). Where a rule or statute does not provide for adequate sanctions, a court may exercise its inherent power and order additional sanctions. *Id.* at 51.

2. <u>Application to the Case at Bar</u>

Defendants argue that they have been permanently prejudiced by Plaintiff's failure to produce documents in Dr. Heitner's possession. (Defs.' Mot. 6:10-18, Dkt. #79.) Defendants contend that they have been attempting for ten months to obtain discovery regarding Dr. Heitner's treatment of

3

Plaintiff, including formal and informal document requests, service of subpoenas, and noticing Dr. Heitner's deposition. *Id.* at 2:16-20. In his Declaration, David A. Silberman, counsel for Defendants, provides a series of emails between him and Plaintiff dated between May 18, 2010 and May 20, 2010. (Silberman Decl. ¶ 10, Dkt. #79-1.) In the emails, Plaintiff states that she "signed the necessary releases months ago . . . . Dr. Heitner has already set [sic] you his files and has a receipt." (Silberman Decl. Ex. K, Dkt. #79-2.) She further states "I took care of the release for Dr. Heitner long before the court ordered me to do so. He stated he sent you his file. I have no reason to doubt him." *Id.* Regarding Dr. Heitner's deposition, noticed on April 15, 2010 and set for May 10, 2010, Defendants contend that on Sunday, May 9, 2010, at 1:21 a.m., Plaintiff sent an email to counsel informing him that Dr. Heitner would be unavailable due to a medical situation with his stepdaughter. (Defs.' OSC 4:10-13, Dkt. #72; Silberman Decl. ¶ 6, Ex. C, Dkt. #72-2.) Neither Plaintiff nor Dr. Heitner appeared at the May 10 deposition.

On May 12, 2010, Defendants filed the application for an order to show cause. (Dkt. #72.) That same day, counsel sent Plaintiff an email offering to take the application off calendar if Plaintiff would draft a stipulated order requiring Dr. Heitner to be deposed, signed by him and Plaintiff, and include a declaration from Dr. Heitner with his reasons for missing the deposition. (Silberman Decl. ¶ 2, Ex. 1, Dkt. #90-1.) Defendants claim that Plaintiff never responded to this offer. (Silberman Decl. ¶ 2, Dkt. #90-1.) Defendants state that on May 13, 2010 they received an overnight priority mail envelope from Dr. Heitner, containing nine pages of documents, each of which is a "treatment note" for Plaintiff, dated between October 22, 2007 and February 1, 2010.[1] (Defs.' Mot. for Sanctions 5:6-9, Dkt. #79.) Defendants contend that these treatment notes are not a complete copy of Dr. Heitner's file because Plaintiff testified that she began seeing Dr. Heitner in August 2007, two months prior to the earliest note, because Dr. Heitner wrote several letters for Plaintiff which he did

---

[1] Counsel for Defendants states that he did not attach the treatment notes to his Declaration in order to respect Plaintiff's privacy, though he produced them for the undersigned's review at the hearing. (Silberman Decl. ¶ 9, Dkt. 79-1.)

4

not produce[2],

and because there were no billing records sent. *Id.* at 5:9-15. Defendants argue that there is no way to know how many, and what categories of, documents Dr. Heitner has failed to produce. *Id.* at 5:14-15. At the July 1 hearing, Plaintiff informed the Court that the nine treatment notes provided by Dr. Heitner are the entirety of the documentary evidence that she or Dr. Heitner would rely on with respect to her treatment by him.

In response to Defendants' motion for sanctions, Plaintiff filed a declaration, (Dkt. #88), which is similar to several documents she has previously filed in this matter. (Dkt. ## 18, 40, 45, 48, 64.) In her declaration, Plaintiff states that she gave a release of her medical records and files to Dr. Heitner in January 2010. (Karnazes Decl. ¶ 11, Dkt. #88.) Attached to Plaintiff's declaration is a letter purported to be from Dr. Heitner, dated June 6, 2010. (Karnazes Decl. Ex. C[3], Dkt. #88-3.) In it, Dr. Heitner states that he prepared Plaintiff's medical records in January 2010, pursuant to the release signed by her, but when he called the subpoena service to pick them up, the "call went nowhere, and I gave the matter no further attention, believing they would send someone to pick up the records." *Id.* Dr. Heitner also writes that he sent a copy of Plaintiff's medical records to counsel for Defendants in the week of May 10, 2010. *Id.* Dr. Heitner also states in the letter that his stepdaughter was ill on the day of his deposition, causing him to be unable to attend. *Id.* In response to the application for the order to show cause, Plaintiff filed a declaration similar to the one filed in response to the motion for sanctions, again attaching the June 6, 2010 letter from Dr. Heitner. (Dkt. #86.) Plaintiff offered no argument as to why the order to show cause should not issue; at the hearing, she only repeated at length that it was not her fault that Dr. Heitner's stepdaughter was ill.

---

[2] In these letters, which appear to be evidence in a State Bar proceeding against Plaintiff, Dr. Heitner writes to the judges of the California Superior Court to attest to Plaintiff's good character and to recommend she take time off from work. (Silberman Decl. ¶ 9, Ex. I, Dkt. #79-1.) The letters reference other letters Dr. Heitner wrote on Plaintiff's behalf, which also were not produced to Defendants.

[3] Plaintiff does not separate her exhibits; the Court refers to the third document attached to her declaration as Exhibit C for clarity.

5

Plaintiff offered no legitimate reason for failing to prepare the stipulation contemplated by counsel for Defendants, and she has offered no legitimate reason to date why she cannot comply with her discovery obligations.

Plaintiff has failed to respond to Defendants' offers to reschedule the deposition of Dr. Heitner and has failed to act pursuant to this Court's order to bring the matter before Judge Chesney should she wish to extend the already-lapsed cutoff for fact discovery. (*Order Re: Noticed Depositions*, 4:19-20, Dkt. #77.) Further, expert discovery closes on July 16, 2010, and Plaintiff has made no attempt to seek an extension from Judge Chesney. (Dkt. #31.) And, as previously stated, Plaintiff has made no real attempt to comply with her discovery obligations in this lawsuit, which she filed. Having given Plaintiff multiple opportunities to comply, the Court can no longer tolerate her disregard of its orders and her duties in this case. Plaintiff identified Dr. Heitner as her treating doctor, yet failed to timely produce him for deposition and produced almost no evidence from his treatment files. Thus, pursuant to Rule 37, the Court GRANTS Defendants' motion to preclude Plaintiff from calling Dr. Heitner as a fact or expert witness at trial. Additionally, the Court RECOMMENDS that Judge Chesney further sanction Plaintiff's behavior by informing the jury of Plaintiff's discovery violations as they relate to Dr. Heitner and instruct the jury that it may draw adverse inferences from Plaintiff's failure as it relates to Dr. Heitner's treatment. This Order renders moot Defendants' application for an OSC, as Plaintiff is precluded from calling Dr. Heitner as a witness in this case.

Regarding Defendants' request for attorney's fees and costs incurred in bringing the motion for sanctions, counsel seeks fees for ten hours of his time spent drafting the sanctions motion and reply, and for attending the July 1 hearing. (Silberman Decl. ¶ 12, Dkt. #79-1.) Counsel states that the County Counsel's Office has recently charged $250 per hour when providing fee-based legal services, and Plaintiff offers no opposition. *Id.* As the Court finds sanctions appropriate under Rule 37, it must order Plaintiff to pay counsel's reasonable fees and costs incurred in connection with the sanctions motion. Fed. R. Civ. P. 37(b)(2)(c). As the Court finds Defendants' request for ten hours at $250 per hour reasonable, the Court ORDERS Plaintiff to pay Defendants $2,500 in attorney's fees

within 30 days following issuance of this Order.

**B.     Compliance with the Court's May 11 Order (Dkt. #68)**

At the July 1 hearing, the parties also addressed Plaintiff's response to the Court's May 11, 2010 discovery order, which addressed three discovery letters submitted by Defendants. (Dkt. ## 53-55.) Defendants' first letter sought an order compelling Plaintiff to provide them with a computation of her damages, as required by Rule 26. (Dkt. #53.) Defendants' second letter asked the Court to order Plaintiff to produce documents responsive to Request for Production ("RFP") Nos. 5-7, 16-20, 24-28, and 30. (Dkt. #54.) In their letter, Defendants argued that Plaintiff produced no documents relating to her damages claim, except some documents relating to two incidents where Plaintiff was involuntarily psychologically hospitalized in the Fall of 2007. The RFPs at issue sought documents relating to Plaintiff's alleged physical and mental injuries, and financial documents such as tax returns and bank statements. Defendants' third letter addressed the medical release form to Dr. Heitner and also requested an order that Plaintiff supplement her responses to Interrogatory Nos. 3, 4, 6, and 7, which asked Plaintiff to describe all current and future economic damages allegedly incurred as a result of the February 22, 2008 incident, any symptoms of emotional distress she is experiencing, and how she has attempted to minimize those damages. (Dkt. #55.)

In its May 11 Order, the Court ordered Plaintiff to provide her Rule 26 disclosures with a computation of her damages or documents to support her damages claims, and to provide to Defendants a copy or the location and description of all documents and tangible things that she may use to support her claims, and to do so within 30 days. (Dkt. #68.) Plaintiff has yet to comply. The Court also ordered Plaintiff to respond to Requests for Production Nos. 5-7, 16-20, 24-28, and 30, all of which relate to her damages and emotional distress claims. She has yet to do so. Finally, the Court ordered Plaintiff to supplement her severely lacking responses to Interrogatory Nos. 3, 4, 6, and 7, all of which also relate to her damages and emotional distress claims. She has yet to do so.

At the hearing, Plaintiff stated that she sent responsive documents to Defendants sometime in mid-June. Counsel for Defendants confirmed that he received 40 pages of documents, but argued that they were in no way compliant with the May 11 Order. Counsel stated that the documents

contained no pleadings and no responses to interrogatories or document requests.  Defendants' counsel further stated that the documents contained records for prescription drugs prescribed by at least seven doctors who Plaintiff never disclosed, blank tax documents, and further stated that the documents only cover a minimal portion of the time period at issue.  In response, Plaintiff stated that she responded to the Court's order.

Based on the parties' arguments, the Court shall allow Plaintiff one final opportunity to comply with the May 11 Order.  Accordingly, the Court ORDERS Plaintiff to fully comply with the May 11 Order by July 21, 2010, or face the possibility of terminating sanctions, as counsel for Defendants made it quite clear at the hearing that such a motion was forthcoming.

## IV.  CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' motion to preclude Plaintiff from calling Dr. Heitner as a fact or expert witness at trial.  Additionally, the Court RECOMMENDS that Judge Chesney further sanction Plaintiff's behavior by informing the jury of Plaintiff's discovery violations as they relate to Dr. Heitner and instruct the jury that it may draw adverse inferences from Plaintiff's failure as it relates to Dr. Heitner's treatment.  The Court further ORDERS Plaintiff to pay Defendants $2,500 in attorney's fees within 30 days following issuance of this Order.  Finally, the Court ORDERS Plaintiff to fully comply with the May 11 Order by July 21, 2010, or face the possibility of terminating sanctions.

**IT IS SO ORDERED.**

Dated: July 2, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge