IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH KARNAZES,

    Plaintiff,

    v.

COUNTY OF SAN MATEO, et al,

    Defendants.

No. C 09-767 MMC

**ORDER GRANTING SUMMARY JUDGMENT; VACATING HEARING**

    Before the Court is defendants County of San Mateo ("County") and Debra Titone's ("Titone") Motion for Partial Summary Judgment, Alternatively Summary Adjudication of Issues, filed July 9, 2010, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has filed opposition, to which defendants have replied. Having read and considered the papers and admissible evidence filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision on the parties' respective submissions, VACATES the hearing noticed for August 13, 2010, and rules as follows.

    Under Rule 56, summary judgment shall be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). "[A] moving party without the ultimate burden of persuasion at trial . . . may carry its initial burden of production [on summary judgment] by either of two methods. The moving party may produce evidence negating an essential

1 element of the nonmoving party's case, or, after suitable discovery, the moving party may
2 show that the nonmoving party does not have enough evidence of an essential element of
3 its claim . . . to carry its ultimate burden of persuasion at trial." See Nissan Fire & Marine
4 Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105 (9th Cir. 2000) (noting nonmoving party may
5 meet its initial burden "by showing–that is, pointing out to the district court–that there is an
6 absence of evidence to support the nonmoving party's case").

7       For the reasons set forth by defendants, the Court finds defendants have shown by
8 undisputed evidence that no triable issue of fact exists with respect to whether a County
9 policy or custom or failure by the County to provide adequate training was "the moving
10 force behind" any constitutional or statutory violation alleged herein.  See Plumeau v.
11 School Dist. # 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).  (See Declaration of
12 David Silberman in Support of Motion for Summary Judgment ("Silberman Decl.") Ex. A
13 (excerpts from plaintiff's deposition testimony); see also id. Exs. B (Sheriff's Office use of
14 force policy), C (excerpts from Titone's training records).)[1]  Consequently, the County is
15 entitled to summary judgment on plaintiff's claims brought under 42 U.S.C. § 1983.  See
16 Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997) (holding, for purposes of §
17 1983, local governmental bodies not liable under "theory of respondeat superior";
18 "requir[ing] a plaintiff seeking to impose liability on a municipality under § 1983 to identify a
19 municipal policy or custom that caused the plaintiff's injury") (internal quotations and
20 citations omitted); see also City of Canton v. Harris, 489 U.S. 378, 389 (1989) (holding
21 "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a
22 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly
23 thought of as a city 'policy or custom' that is actionable under § 1983").

24       For the reasons set forth by defendants, the Court finds defendants have shown by
25 undisputed evidence that no triable issue of fact exists with respect to whether Titone's
26 conduct was, either in whole or in part, "motivated," see Knapps v. City of Oakland, 647 F.

---

[1] Plaintiff's hearsay objection to Exhibit D to the Silberman Declaration is GRANTED. In all other respects, plaintiff's Objection to Defendants' Evidence is DENIED.

Supp. 2d 1129, 1167 (N.D. Cal. 2009), by plaintiff's gender.  (See Silberman Decl. Ex. A; see also id. Exs. B, C.)  Consequently, the County and Titone are entitled to summary judgment on plaintiff's claim brought under California Civil Code § 51.7.  See Winarto v. Toshiba America Electronics Components, Inc., 274 F.3d 1276, 1290 (9th Cir. 2001) (finding, for purposes of § 51.7, employer can be held liable for acts of its agent only to extent agent is liable).

Accordingly, defendants' motion is granted.

**IT IS SO ORDERED**.

Dated: August 11, 2010

MAXINE M. CHESNEY
United States District Judge